DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD FIELDS** and **D. BOSWORTH, LLC,**
Appellants,

v.

**ROBERT TOUSSIE, MICHAEL TOUSSIE** and **COASTAL DEVELOPMENT, LLC,**
Appellees.

Nos. 4D19-1610 & 4D19-1612

[May 6, 2020]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 18-002364.

Michael W. Moskowitz and Scott M. Zaslav of Moskowitz, Mandell, Salim & Simonwitz, P.A., Fort Lauderdale, for appellants.

Alex P. Rosenthal and Amanda Jassem Jones of Rosenthal Law Group, Weston, for Appellee Robert Toussie.

PER CURIAM.

Appellants Coastal Development, LLC ("Coastal") and Richard Fields ("Fields") appeal the trial court's orders issuing a writ of bodily attachment against Fields and finding Fields, Coastal, and D. Bosworth, LLC in contempt of court for failure to provide discovery. We affirm on all issues.

Although Fields alleges the trial court abused its discretion by imposing incarceration as a civil contempt sanction and issuing a writ of bodily attachment against him without a second hearing, a second pre-incarceration hearing is generally not required when a trial court orders incarceration for past noncompliance. *See Hipschman v. Cochran*, 683 So. 2d 209, 212 (Fla. 4th DCA 1996). It may be necessary, however, "where the contempt order specifies compliance extra-judicially, i.e., by performance outside the auspices of the court or its adjuncts." *Id.* at 212-13. In this case, while the court did allow the appellee to file an ex parte affidavit of noncompliance to obtain the issuance of the writ, Fields' past noncompliance was not in dispute, admitting as much in his brief.

Therefore, a second hearing was unnecessary.

*Affirmed.*

W<small>ARNER</small>, K<small>LINGENSMITH</small> and K<small>UNTZ</small> JJ. concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***